DOUCET, Judge.
This is an appeal from a judgment in a worker’s compensation case awarding the plaintiff the maximum “rehabilitation vocational education and training in computer courses at Southern Technical College, Lafayette, Louisiana....”
Paul R. Vidrine was injured on February 20, 1985, while in the course and scope of *1182 his employment as an electrician with Savoy Medical Center Inc. (Savoy) in Mamou, Louisiana. As a result, Vidrine filed this claim for worker’s compensation benefits, penalties and attorney’s fees. After a trial on the merits, the trial judge found Vidrine to be temporarily totally disabled. He awarded judgment in favor of Vidrine and against Savoy for temporary total disability benefits at the rate of $159.25 per week from February 20, 1985, as well as for penalties and attorney’s fees. The judge further ordered Savoy to provide “maximum rehabilitation vocational education ■ and training in computer courses at Southern Technical College, Lafayette, Louisiana. ...” Savoy appeals only that portion of the judgment awarding rehabilitation.
Savoy first argues that the trial judge erred in ordering rehabilitation through a private institution when rehabilitation services were available through public institutions.
La.R.S. 23:1226(A) provides that:
“When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. The employer or insurer shall provide such injured employee with appropriate training and education for suitable gainful employment and may utilize programs provided by state and federal agencies for vocational education when conveniently available or may utilize any public or private agency cooperating with such state and federal agencies in the vocational rehabilitation of such injured employee. In the absence of such programs the employer or insurer shall provide vocational rehabilitation with available private agencies.”
In order to determine whether the trial court correctly awarded rehabilitation at Southern Technical College, it must first be determined whether “appropriate training and education for suitable gainful employment” was available at a public vocational-technical school.
The testimony at trial showed that Vid-rine had a previous experience in electrical work and an aptitude for such work. Savoy suggests that the training course in industrial electronics would be “appropriate training and education for suitable gainful employment” in Vidrine’s case. This course is available at T.H. Harris Vocational-Technical School, a public institution in Opelousas, Louisiana. The course trains participants in the repair of small electronic appliances and equipment, such as VCRs, stereos, copy machines, etc.
For his part, Vidrine expressed interest in the course in computer repair available in the area only at Southern Technical College in Lafayette, Louisiana. He was not interested in the industrial electronics program. The trial judge concluded that the course offered at the public institution would not supply “appropriate training and education.” We agree. To force a claimant into a course of rehabilitation that did not interest him would not be “appropriate training and education” and would probably prove a useless exercise. As the trial judge stated in his written reasons for judgment, the interest and cooperation of the claimant is essential for successful rehabilitation. Accordingly, we find no error in the trial court’s decision to order rehabilitation at Southern Technical College.
Savoy next argues under La.R.S. 23:1226(E) rehabilitation services may only be awarded for a period of 26 weeks at the expiration of which the claimant may apply for an additional 26 week period of rehabilitation. As a result, Savoy contends that the trial court erred in awarding 52 weeks of rehabilitation services.
At the time this suit was filed, La.R.S. 23:1226(E) provided, in pertinent part, that:
“When it appears that rehabilitation is necessary and desirable to restore the injured employee to suitable gainful employment, the employee shall be entitled to reasonable and proper rehabilitation services for a period not to exceed twenty-six weeks, which period may be extended for an additional period not to exceed twenty-six additional weeks if such extended period is determined to be *1183 necessary and proper by the director, or upon his refusal, by the court. However, no employer or insurer shall be precluded from continuing such rehabilitation beyond such period on a voluntary basis.”
We believe that this statute must be interpreted to allow an initial award of only 26 weeks of rehabilitation services after which the claimant may apply for an additional period of rehabilitation. In spite of the fact that the testimony at trial established that the computer repair course offered at Southern Technical College is a two-year course, plaintiff is entitled to only 26 weeks of rehabilitation services at this time.
Accordingly, the judgment of the trial court is reversed in part, affirmed in part, and rendered. Each of the parties is to pay his own costs.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.